# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN DAVID O. WILKINS,  :
                        :
    Plaintiff,          :
                        :       Civil Action No.:      10-0562 (RMU)
    v.                  :
                        :       Re Document No.:    8
LISA P. JACKSON, Administrator,   :
Environmental Protection Agency,  :
                        :
    Defendant.          :

## MEMORANDUM OPINION

### GRANTING AS CONCEDED THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The *pro se* plaintiff is an African-American male employed by the Environmental

Protection Agency ("EPA"). He commenced this action in April 2010, alleging violations of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. See generally* Compl. The

plaintiff contends that the EPA discriminated against him on the basis of his race by failing to

select him for a position for which he had applied, treating him differently from similarly

situated employees not of his race and subjecting him to a hostile work environment. *See*

*generally id.*

On August 20, 2010, the defendant filed a motion for summary judgment on all of the

plaintiff's claims. *See generally* Def.'s Mot. for Summ. J. In the motion, which was supported

by a comprehensive memorandum of law and numerous exhibits, the defendant argued that the

plaintiff had failed to raise a genuine issue of material fact with respect to any of his claims. *See*

*generally id.* More specifically, the defendant argued that the plaintiff's non-selection claim

failed because there is no evidence to rebut the defendant's legitimate, non-discriminatory

justification for the plaintiff's non-selection – namely, that the agency hired an individual with

qualifications superior to those of the plaintiff.  *Id.* at 4-8.  The defendant also asserted that the plaintiff had failed to make out a prima facie case with respect to his disparate treatment claims because the actions on which they were premised – such as poor performance ratings, removal from the Flexiplace program and mishandling of a background investigation – did not constitute adverse employment actions.  *Id.* at 8-16.  Lastly, the defendant asserted that the plaintiff's hostile work environment claim failed as a matter of law because it amounted to nothing more than a cobbling together of the plaintiff's discrete claims of non-selection and disparate treatment.  *Id.* at 16-18.

In the parties' Joint Report pursuant to Local Civil Rule 16.3, the plaintiff indicated that he would respond to the defendant's motion by September 27, 2010.  *See* Joint Report ¶ 6.  The plaintiff, however, did not file an opposition by that date or request an extension of time to oppose the defendant's motion.

Accordingly, on October 14, 2010, nearly two months after the defendant moved for summary judgment, the court issued a *Fox-Neal* order, directing the plaintiff to file his opposition by October 28, 2010 and advising the plaintiff of the consequences of his failure to respond.  *See generally* Order (Oct. 14, 2010).  The court specifically advised the plaintiff that "the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendant in support of a motion for summary judgment unless the plaintiff submits his own affidavits or documentary evidence showing that the defendant's assertions are untrue."  *Id.* at 2-3.  The court further advised the plaintiff that his "response must – by affidavits or otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate be entered against that party."  *Id.* at 2 (quoting FED. R. CIV. P. 56(c)).

On October 31, 2010, the plaintiff submitted a two-page response to the court's October 14 order. *See generally* Pl.'s Response to the Court's October 31, 2010 Order ("Pl.'s Response"). In his response, the plaintiff states that he is "serious and very sincere" about his desire to pursue his claim and reiterates that he is the victim of racial discrimination. *Id.* at 1-2. The plaintiff also states that he is not "open to a concession to the defendant," and that he did not receive a copy of the October 14, 2010 order in a timely manner. *Id.* at 2. The plaintiff does not, however, respond to any of the arguments raised in the defendant's motion for summary judgment or submit any affidavits or other proof to counter the factual representations in the defendant's motion, *see generally id.*, despite the court's clear warning that his failure to do so could result in the defendant's motion being granted as conceded, Order (Oct. 14, 2010) at 2.

It is well established that if a plaintiff fails to respond to an argument raised in a motion for summary judgment, it is proper to treat that argument as conceded. *See, e.g.*, *Diggs v. Potter*, 700 F. Supp. 2d 20, 42 (D.D.C. 2010); *Sykes v. Dudas*, 573 F. Supp. 2d 191, 202 (D.D.C. 2008); *see also* LCvR 7(h) (providing that "[i]n determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion"); *cf. Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997) (concluding that the district court did not abuse its discretion in granting a motion for summary judgment as conceded based on the opposing party's failure to file a timely opposition). The Circuit has cautioned, however, that "in review of the severity of dismissal of a potentially meritorious claim . . . treating an issue as conceded for failure to respond fully to a motion for summary judgment 'should only be applied to egregious conduct.'" *Burke v. Gold*, 286 F.3d 513, 518 (D.C. Cir. 2002) (quoting *Robbins v. Reagan*, 780 F.2d 37, 52 & n.23 (D.C. Cir. 1985)).

The plaintiff's conduct in this case satisfies that threshold. Despite stating that he would oppose the defendant's motion for summary judgment by September 27, 2010, *see* Joint Report ¶ 6, the plaintiff had not filed an opposition by mid-October. The court then issued a *Fox-Neal* order clearly advising the plaintiff of his obligation to submit proof – through affidavits or otherwise – in response to the evidence submitted by the defendant. Order (Oct. 14, 2010) at 2. Nonetheless, the plaintiff responded to the order by submitting a two-page response that did not address any of the arguments or evidence in the defendant's motion for summary judgment. *See generally* Pl.'s Response. Such conduct warrants treating the arguments in the defendant's motion as conceded. *See Lytes v. D.C. Water & Sewer Auth.*, 572 F.3d 936, 943 (D.C. Cir. 2009) (holding that the plaintiff engaged in "egregious conduct" by responding to the defendant's motion for summary judgment on his disability claim by describing his disability "in a single paragraph without any reference to record evidence supporting his description" and "present[ing] a 'counter-statement of material facts' that failed to discuss his functional capacity at the time of the alleged discrimination").

Accordingly, because the plaintiff has failed to respond to any of the arguments for dismissal raised in the defendant's properly supported and comprehensive motion for summary judgment, the court grants the defendant's motion as conceded. An Order consistent with this memorandum opinion is issued this 16th day of November, 2010.

RICARDO M. URBINA
United States District Judge