## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **KEVIN ALEXANDER WILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Case No. 1:18-cv-00485 (APM) |
| ) | |
| **FEDERAL EXPRESS CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

### I.

Before the court is Defendant Federal Express Corporation's Motion for Summary Judgment. *See* Def.'s Mot. for Summ. J., ECF No. 27 [hereinafter Def.'s Mot.]; Def.'s Mem. of Law in Support of Def.'s Mot., ECF No. 27-1 [hereinafter Def.'s Mem.]. In an earlier opinion, the court dismissed several of Plaintiff's claims, *see* Order, ECF No. 19, leaving only two counts for the court's consideration: (1) race discrimination in violation of § 42 U.S.C. § 1981, and (2) negligence, *see* Complaint, ECF No. 1, ¶¶ 77–97. Defendant's motion is granted as to both counts.

### II.

"[W]hen a party responds to some but not all arguments raised on a Motion for Summary Judgment, a court may fairly view the unacknowledged arguments as conceded." *Sykes v. Dudas*, 573 F. Supp. 2d 191, 202 (D.D.C. 2008) (citation omitted); *see also Wilkins v. Jackson*, 750 F. Supp. 2d 160, 162 (D.D.C. 2010) (citations omitted) ("It is well established that if a [party] fails to respond to an argument raised in a motion for summary judgment, it is proper to treat that

argument as conceded."). Here, Plaintiff offers no opposition to Defendant's motion as to his § 1981 claim but does argue that the court should deny summary judgment as to his negligence claim. *See* Pl.'s Opp'n to Def.'s Mot., ECF No. 30-4, at 7–9. The court therefore treats Defendant's motion as to Plaintiff's § 1981 claim as conceded.

Even if the court must consider Defendant's argument on the merits, *cf. Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 508 (D.C. Cir. 2016), Defendant prevails. Defendant puts forward a non-discriminatory reason for terminating Plaintiff: he lost custodial control of a package in violation of company policy. *See* Def.'s Mem. at 1. As Plaintiff offers no evidence to rebut this non-discriminatory reason, the court treats this factual assertion as true. *See* Fed. R. Civ. P. 56(e)(2). Accordingly, on the merits, there is no genuine dispute of material fact that would support racial animus as the reason for Plaintiff's termination.

III.

Defendant raises a host of arguments with respect to Plaintiff's negligence claim but the court need only address two. First, Plaintiff does not dispute Defendant's evidence establishing that the company provided him with a secure truck on the day he lost the package that led to his termination. *See* Pl.'s Resp. to Def.'s Stmt. of Undisputed Material Facts, ECF No. 30-2, ¶¶ 16–21 (conceding factual assertions that pre- and post-trip inspections found nothing wrong with the assigned truck). Thus, Plaintiff has failed to create a genuine dispute of material fact as to his central claim: that Defendant was negligent by supplying him with an unsecure truck.

Additionally, as the court observed in the related case of *Howard v. Federal Express Corp.*, allowing Plaintiff to assert a negligence claim challenging his termination in this case would "do an end-run around the at-will employment doctrine." No. 16-cv-02514 (APM), 2019 WL

2103126, at *3 (D.D.C. May 14, 2019).  For that separate reason, Defendant is entitled to summary judgment on Plaintiff's negligence claim.

## IV.

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted. A separate final order accompanies this Memorandum Opinion.

Dated:  November 4, 2019

Amit P. Mehta
United States District Judge