# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued October 20, 2016          Decided December 9, 2016

No. 14-7197

WINSTON & STRAWN, LLP,
APPELLEE

v.

JAMES P. MCLEAN, JR.,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-00524)

---

*Michael Skopets*, appointed by the court, argued the cause as *amicus curiae* in support of appellant. With him on the briefs were *Anthony F. Shelley* and *Brian A. Hill*, appointed by the court.

*James P. McLean*, *Jr.*, *pro se*, filed the briefs for appellant.

*Paul J. Maloney* argued the cause and filed the brief for appellee Winston & Strawn, LLP

Before: WILKINS, *Circuit Judge*, and EDWARDS and WILLIAMS, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* EDWARDS.

EDWARDS, *Senior Circuit Judge*: The Federal Rules of Civil Procedure state that the District Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, under its Local Rules, the District Court has discretion to treat a motion "as conceded" if the nonmoving party fails to timely file an opposition to the motion. D.D.C. Local R. 7(b). This appeal concerns the interplay between Federal Rule of Civil Procedure 56 and the District Court's Local Rule 7(b).

In April of 2013, Appellee Winston & Strawn, LLP ("Appellee" or "Winston & Strawn") filed a lawsuit against James P. McLean, Jr. ("Appellant" or "McLean") in the District Court. On July 28, 2014, Appellee filed a motion for summary judgment. The District Court informed Appellant that he was required to respond by August 18, 2014, and advised him that if he did not the court might treat the motion as conceded. He mailed his response to the District Court on August 18, but it did not arrive until August 20. On August 19, the court, relying solely on Local Rule 7(b), granted Appellee's motion for summary judgment "as conceded." The District Court thereafter denied Appellant's motions for reconsideration. Appellant, acting *pro se*, filed a timely notice of appeal on December 11, 2014. This court subsequently appointed Miller & Chevalier *amicus curiae* to present arguments on behalf of McLean.

Under the Federal Rules of Civil Procedure, a motion for summary judgment cannot be "conceded" for want of opposition. "The burden is always on the movant to

demonstrate why summary judgment is warranted. The nonmoving party's failure to oppose summary judgment does not shift that burden." *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring). The District Court "must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Id.* (citing Fed. R. Civ. P. 56(e)(3)). In this case, the District Court relied solely on Local Rule 7(b) in granting summary judgment for Appellee "as conceded." There is nothing to indicate that the District Court considered whether Appellee's assertions warranted judgment under Rule 56. We therefore reverse and remand the case to the District Court so that it may reconsider Appellee's motion for summary judgment in adherence with the applicable Federal Rules of Civil Procedure.

## I.   Background

As noted above, Appellee filed a lawsuit against Appellant in April 2013. It moved for summary judgment on July 28, 2014. The District Court issued an order advising Appellant of the motion, informing him of his obligations, and warning him that the court might treat the motion as conceded if he failed to respond by August 18, 2014. On August 18, McLean e-mailed his opposition to counsel for Winston & Strawn, and mailed it to the District Court. His opposition did not reach the court until August 20, however, and so was not deemed filed until two days after the prescribed deadline.

On August 19, the District Court *sua sponte* issued an order granting Winston & Strawn's motion for summary judgment "as conceded as to" McLean. Appendix of *Amicus Curiae* ("App.") 18. The order did not analyze any of the substance of Winston & Strawn's motion for summary

judgment, nor did it purport to apply the standards of Rule 56. Instead, the order focused solely on McLean's failure to file a timely response as the basis for summary judgment against him.

Between August 28 and November 13, 2014, McLean filed, and the District Court denied, via minute orders, three motions for reconsideration. In these orders, the court reiterated that it had granted Appellee's motion "as conceded." App. 20–23.

On appeal, *amicus curiae*, on behalf of Appellant and whose arguments we will hereinafter attribute to Appellant, principally argues that the District Court's order granting summary judgment to Appellee should be reversed because the court failed to follow the standards set forth in Federal Rule of Civil Procedure 56. In particular, Appellant contends that the District Court's reliance solely on Local Rule 7(b) cannot be squared with Rules 56(a) and 56(e). Appellant also argues that the District Court abused its discretion in granting summary judgment as a sanction for his late filing, because this was an excessive punishment and exceeded the court's authority. Finally, Appellant argues that because his late filing was "excusable neglect," the District Court abused its discretion in denying his motions for reconsideration.

We agree with Appellant that, contrary to Rule 56, the District Court erred in granting summary judgment without determining whether Appellee's assertions warranted judgment. A court must always engage in the analysis required by Rule 56 before acting on a motion for summary judgment. Because the District Court did not purport to do this in granting Appellee's motion, we reverse and remand this case for further consideration. Our holding on this point is

dispositive, so it is unnecessary for us to address Appellant's remaining claims.

## II. Analysis

### A. *Standard of Review*

We review *de novo* the legal question of whether the District Court improperly applied Local Rule 7(b) in place of the standards prescribed by Federal Rule of Civil Procedure 56. *See Texas v. United States*, 798 F.3d 1108, 1113 (D.C. Cir. 2015) ("A district court abuses its discretion if it did not apply the correct legal standard . . . or if it misapprehended the underlying substantive law. We examine any such legal questions *de novo*." (internal quotation marks and citation omitted; ellipsis in original)).

### B. *Under Rule 56, Motions for Summary Judgment May Not Be Granted "As Conceded" for Want of Opposition*

It is undisputed that the District Court is authorized to promulgate local rules. Fed. R. Civ. P. 83(a)(1). However, these rules "must be consistent with the Federal Rules of Civil Procedure." *Cohen v. Bd. of Trustees of the Univ. of D.C.*, 819 F.3d 476, 481 (D.C. Cir. 2016) (citing Fed. R. Civ. P. 83(a)(1)). The Federal Rules are "as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the . . . mandate [of a Federal Rule] than they do to disregard constitutional or statutory provisions." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988) (stating that "a federal court may not invoke supervisory power to circumvent" the dictates of a Federal Rule of Criminal Procedure, *id.* at 254).

Local Rule 7(b) cannot be squared with Federal Rule of Civil Procedure 56. The Local Rule states that:

> Within 14 days of the date of service [of a motion] or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. *If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.*

D.D.C. Local R. 7(b) (emphasis added). As is clear from its terms, this rule allows the District Court to treat an unopposed motion for summary judgment as conceded. But this cannot be so because of the demands of Rules 56(a) and 56(e).

Rule 56(a) is clear in saying that a court may only enter summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). And then "a district court must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Grimes*, 794 F.3d at 95 (citation omitted). These standards cannot be satisfied if, as allowed by Local Rule 7(b), the District Court simply grants judgment "as conceded" when the nonmoving party fails to meet a deadline.

Furthermore, Local Rule 7(b) is entirely inconsistent with the commands of Rule 56(e). The Federal Rule states that:

> If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> > (1) give an opportunity to properly support or address the fact;
> >
> > (2) consider the fact undisputed for purposes of the motion;
> >
> > (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> >
> > (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). The rule does not in any way endorse an approach pursuant to which the District Court may grant judgment "as conceded" simply because a nonmoving party fails to respond.

Rule 56(e)(1) empowers the District Court to "give a party who has failed to address a summary judgment movant's assertion of fact 'an opportunity to properly support or address' the fact." *Grimes*, 794 F.3d at 92 (quoting Fed. R. Civ. P. 56(e)(1)). Moreover, "[t]he 2010 Advisory Committee['s] Note to Rule 56(e) states that 'afford[ing] an opportunity to properly support or address [a] fact' is '[i]n many circumstances . . . the court's preferred first step.'" *Id.* (ellipsis in original).

The rule also allows the District Court to "consider [a] fact undisputed" if it has not been properly supported or

addressed as required by Rule 56(c). Fed. R. Civ. P. 56(e)(2). "Indeed, for the evidentiary burden that Rule 56(c) places on nonmovant plaintiffs to function, a court must be able to evaluate an inadequately supported assertion of material fact and deem it not materially disputed, such that summary judgment is warranted in whole or in part." *Grimes*, 794 F.3d at 92. However, as the rule makes clear, judgment is granted only after the District Court satisfies itself that the record and any undisputed material facts justify granting summary judgment. Fed. R. Civ. P. 56(e)(3).

What is crucially important here is that Rule 56(e)(3) plainly states that the District Court may enter summary judgment only if, after fully considering the merits of the motion, it finds that it is warranted. There is no room for a judgment "as conceded" as contemplated by Local Rule 7(b).

Appellee argues that the court's decision in *FDIC v. Bender*, 127 F.3d 58 (D.C. Cir. 1997), requires us to affirm the judgment of the District Court in this case. We disagree. In *Bender*, we held that "it was not an abuse of discretion for the district court, pursuant to [the predecessor to Local Rule 7(b)], to treat the [movant's] motion for summary judgment as conceded." *Id.* at 68. However, the decision in *Bender* has been displaced by the substantive revisions to Rule 56 that were adopted in 2010. The 2010 Advisory Committee's Note to Rule 56 makes it plain that Local Rule 7(b) can no longer coexist with Rule 56. The Note says, *inter alia*, that:

> Subdivision (a) . . . adds a new direction that the court should state on the record the reasons for granting or denying [a motion for summary judgment].
>   . . . .

> [S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion, much less when an attempted response fails to comply with Rule 56(c) requirements. Nor should it be denied by default even if the movant completely fails to reply to a nonmovant's response.
>
>   . . . .
>
> Subdivision (e)(3) recognizes that the court may grant summary judgment only if the motion and supporting materials—including the facts considered undisputed under subdivision (e)(2)—show that the movant is entitled to it. Considering some facts undisputed does not of itself allow summary judgment. If there is a proper response or reply as to some facts, the court cannot grant summary judgment without determining whether those facts can be genuinely disputed. Once the court has determined the set of facts—both those it has chosen to consider undisputed for want of a proper response or reply and any that cannot be genuinely disputed despite a procedurally proper response or reply—it must determine the legal consequences of these facts and permissible inferences from them.

Fed. R. Civ. P. 56 Advisory Committee's Note to 2010 Amendment. In light of these amendments to Rule 56, our decision in *Bender* is of no moment here because it does not address the current version of Rule 56. And as we have explained, under the current version of Rule 56 a motion for summary judgment cannot be deemed "conceded" for want of opposition.

## C. *Other Matters Regarding the Scope of this Decision*

Lest there be any confusion regarding our judgment in this case, there are three other matters that warrant comment.

First, we want to make it clear that nothing in this opinion is meant to address the scope or legality of Local Rule 7(h). That rule appears to be coterminous with Federal Rule 56(e)(2), but we offer no opinion on this point. The District Court in this case relied solely on Local Rule 7(b), not 7(h), so our decision is limited to the issues raised by Local Rule 7(b). We also want to make it clear that nothing in this opinion is meant to address the applicability of Local Rule 7(b) to motions other than motions for summary judgment.

Second, there is nothing in the record to indicate that Appellee acted inappropriately in seeking summary judgment, and we do not mean to suggest otherwise. Nor do we mean to suggest that the District Court failed to scrutinize the motion for summary judgment and the supporting papers filed by Appellee. We simply hold that a District Court must determine for itself that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law, and then "should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a). That did not happen here. All that we know from the record in this case is that the District Court relied solely on Local Rule 7(b) in granting summary judgment for Appellee "as conceded."

Finally, Appellee's counsel suggested that because we review summary judgments *de novo*, we can decide on our own whether the motion should be granted in this case. We decline the invitation. Given the nature of this case, it would be imprudent for us to act without allowing the District Court

to decide the matters in dispute in the first instance. Rule 56(e) gives the District Court a number of options to weigh. The trial judge, who has overseen the litigation, is in the best position at this point to consider these options and decide whether Appellant, who was acting *pro se*, should be given an opportunity to respond to Appellee's motion for summary judgment after missing the deadline by only two days.

### III. Conclusion

For the reasons stated above, we reverse the grant of summary judgment and remand the case for further consideration.