**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PATRICIA STEVENS,<br><br>     *Plaintiff*,<br><br>v.<br><br>EMILY MURPHY, Administrator, General Services Administration, *et al.*,<br><br>     *Defendants.* | Civil Action No. 18-2930 (RDM) |

## MEMORANDUM OPINION

Plaintiff Patricia Stevens, an African-American woman in her mid-sixties[1] proceeding *pro se*, alleges that Defendants Emily Murphy, the Administrator of the General Services Administration ("GSA") and three other employees of that agency, violated the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended 29 U.S.C. § 621 *et seq.*, by failing to promote her due to her age. *See, e.g.,* Dkt. 1 at 2. All four Defendants argue that Stevens failed to exhaust her administrative remedies as required by the ADEA and, accordingly, move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Dkt. 11 at 1; Dkt. 11-1 at 7–8. Defendants Frank Tiller, William Lewis, and Danita Byrd separately move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that only the agency head may be sued under the ADEA. *See* Dkt. 11 at 1; Dkt. 11-1 at 6. For the reasons that follow, the Court will **GRANT** Tiller, Lewis, and Byrd's motion to dismiss and will also **GRANT** Murphy's motion for summary judgment.

---

[1] Stevens was fifty-eight years old "at the time she applied for the" position in question. Dkt. 1 at 18 (Compl. ¶ 37).

# I. BACKGROUND

For purposes of evaluating Defendants' motions, the following facts, taken primarily from Stevens' complaint, are accepted as true. *See Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citing *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). At the time of the events giving rise to this complaint, Stevens was employed by GSA as a Telecommunications Specialist, which pays at the GS-13 level. Dkt. 1-1 at 21. On February 28, 2013, GSA placed on USAJOBS a job announcement that advertised an IT Specialist position, which pays at the GS-14 level. *See id.* at 1. In March 2013, Stevens applied for the position. *See* Dkt. 1 at 3. Stevens subsequently interviewed for the position, *see* Dkt. 1 at 10, 12 (Compl. ¶¶ 15, 20), but was not selected, *see id.* at 15 (Compl. ¶ 16). Two "young . . . Caucasian[] males," who Stevens describes as "unqualified," were, instead, selected for the position. *Id.* (Compl. ¶ 26).

On October 7, 2013, Stevens filed an Equal Employment Opportunity ("EEO") complaint alleging "discriminat[ion] . . . by [GSA] on the basis of her race." Dkt. 1-1 at 21. Stevens, after reviewing a copy of the GSA report on its investigation, timely requested a hearing before an Equal Employment Opportunity Commission ("EEOC") Administrative Judge ("AJ"). *Id.* at 22. The AJ decided in favor of GSA, and GSA issued a final order adopting the AJ's decision. *Id.* Stevens appealed to the EEOC, which affirmed GSA's adoption of the AJ's decision and "conclude[d] that substantial evidence of record support[ed] the AJ's determination." *Id.*

On December 13, 2018, Stevens filed suit in this Court alleging discrimination by GSA on the basis of her age. *See, e.g.,* Dkt. 1 at 1–2. Although Stevens's complaint contains a stray reference to "Title VII of the Civil Rights Act of 1996 [sic]," Dkt. 1 at 2, that is insufficient to raise such a claim when the complaint is viewed as a whole, even construing it liberally, *see*

*Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)) ("Courts must construe *pro se* filings liberally."). Stevens's complaint does refer to the sex and race of both Stevens and the individuals who were hired for the GS-15 position, Dkt. 1 at 1, but she mentions Title VII only once and unequivocally alleges discrimination only on the basis of age, *see, e.g., id.* at 2, which is not a protected class under Title VII, *see* 42 U.S.C. § 2000e–2(a).

Defendants now move to dismiss or, in the alternative, for summary judgment. *See* Dkt. 11 at 1. On August 23, 2019, Stevens filed her response to Defendants' motions. *See* Dkt. 14 at 1. In that response, Stevens does not dispute that her complaint raises only claims of age discrimination under the ADEA nor does she refer to Title VII. *See* Dkt. 14.

## II. ANALYSIS

Defendants Tiller, Lewis, and Byrd move to dismiss the claims against them on the ground that they are not properly named as defendants. Dkt. 11-1 at 6. As they correctly point out, the ADEA does not impose individual liability, and thus "the only proper defendant . . . is the head of the department or agency being sued." *Lawson v. Sessions*, 271 F.Supp. 3d 119, 124 n.1 (D.D.C. 2017). Plaintiff is therefore mistaken that these defendants "are accountable as representatives of the agency for actions taken on Behalf of the agency towards the Plaintiff." Dkt. 14 at 5. Rather, because they were acting on the agency's behalf, the agency, not the individuals, are subject to suit under the ADEA. Because Plaintiff brings claims only under the ADEA, her claims against Defendants Tiller, Lewis, and Byrd must be dismissed for failure to state a claim.

That then leaves Defendant Murphy's motion to dismiss, or in the alternative, for summary judgment on the ground that Stevens's suit is barred because she failed to exhaust her

administrative remedies as required by the ADEA. *See* Dkt. 11-1 at 7–8. Because exhaustion under the ADEA is "properly viewed as [an] affirmative defense[], and thus '[a] defendant bears the burden of pleading and proving' the defense," *Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 174 (D.D.C. 2016) (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)); *see also Menominee Indian Tribe of Wisc. v. United States*, 614 F.3d 519, 527 (D.C. Cir. 2010), the Court must consider the question of exhaustion on summary judgment rather than on a motion to dismiss. Under the summary judgment standard, Murphy must show that "there is no genuine dispute as to any material fact" and that she is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The ADEA spells out two routes to federal court. *See Nichols v. Vilsack*, No. 13-1502, 2015 WL 9581799 at *5 (D.D.C. Dec. 30, 2015). Under one, a plaintiff must first pursue administrative remedy by (1) contacting an EEO Counselor within 45 days of the alleged discrimination, 29 C.F.R. § 1614.105; *see* 29 U.S.C. § 633a, and (2) filing a complaint with the agency that allegedly discriminated against the plaintiff, 29 C.F.R. § 1614.106(a); *see* 29 U.S.C. § 633a. If the plaintiff is unsatisfied with the administrative remedy, only then may the plaintiff file a civil action with the appropriate U.S. District Court. 29 C.F.R. § 1614.407(b); *see* 29 U.S.C. § 633a. Under the other, more direct route, a plaintiff must only (1) file in federal court a complaint within 180 days of the alleged discrimination and (2) provide notice to the EEOC at least thirty days prior to filing the suit. *See* 29 U.S.C. § 633a(d); *Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003).

Murphy contends first that Stevens "has conceded the issue of exhaustion" by not responding to Murphy's exhaustion argument in her opposition to Murphy's motion for summary judgment. Dkt. 16 at 1 (citing *McMillan v. Wash. Metro. Area Transit Auth.*, 898 F. Supp. 2d 64,

4

69 (D.D.C. 2012) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion . . . addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (omission in original))).  At the summary judgment stage, however, the Court must assure itself that the movant is entitled to judgment as a matter of law based on the record before it.  *See Winston & Strawn LLP v. McLean*, 843 F.3d 503, 507 (D.C. Cir. 2016).

Murphy has made the requisite showing here.  She correctly notes that Stevens did not exhaust her remedies under the first route to court provided by the ADEA because she "raised *racial* discrimination allegations through the agency administrative process[] [but] never raised any *age* discrimination claims."  Dkt. 11-1 at 7 (emphases in original).  A plaintiff fails to exhaust administrative remedies where she raises a claim of discrimination based on one protected characteristic through the administrative process but bring a claim absed on a different protected characteristic through a federal lawsuit.  *See Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 526 (D.C. Cir. 2019) (holding that an ADEA plaintiff had failed to exhaust her administrative remedies where her administrative complaint raised only disability discrimination claims).

The undisputed record shows such a discrepancy exists here.  For example, a letter from Lyn Bailey, an EEO Manager at GSA, *see* Dkt. 14-1 at 5, to Stevens acknowledged receipt of Stevens' EEO complaint and confirmed that Stevens alleged discrimination only on the basis of race, *id.* at 2.  Further, according to a declaration from Mary Gibert, Associate Administrator for GSA's Office of Civil Rights, Dkt. 11-2 at 2 (Decl. ¶ 1), her office "conducted a diligent, thorough, and complete search" and that "[a]t no time did . . . Stevens include age as a basis of discrimination in any complaint filed with my office," *id.* at 3 (Decl. ¶ 5).  Stevens identifies

nothing in the record that indicates that she complained through the EEO process of age discrimination in her non-promotion. *See* Dkt. 14. By contrast, Stevens' complaint in this Court alleges discrimination only on the basis of age, not race. *See, e.g.*, Dkt. 1 at 2.

Stevens also failed to exhaust her administrative remedies under the more direct route to court provided by the ADEA, which requires only that a plaintiff provide notice to the EEOC more than thirty days before filing suit, 29 U.S.C. § 633a(d). According to a declaration from Dexter Brooks, Associate Director of EEOC's Office of Federal Operations, Dkt. 11-3 at 2 (Decl. ¶ 1), after his staff "conducted a thorough search" of their files, the EEOC "located no such notice," Dkt. 11-3 at 3 (Decl. ¶ 4).

Accordingly, Stevens failed to exhaust her administrative remedies with respect to her claims of age discrimination under the ADEA, and Murphy is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the Court will **DISMISS** Plaintiff's claims against Defendants Tiller, Lewis, and Byrd, and will **GRANT** Defendant Murphy's motion for summary judgment, Dkt. 11.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: February 28, 2020