**Valerie KLINE, Appellant**

v.

**John BERRY, Director, United States Office of Personnel Management, Appellee.**

**No. 09–5309.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 21, 2010.

Rehearing En Banc Denied Feb. 18, 2011.

James Franklin Shalleck, Esquire, Law Office of James F. Shalleck, Montgomery, MD, for Appellant.

Valerie Kline, Lothian, MD, pro se.

R. Craig Lawrence, Jane M. Lyons, Assistant U.S., Ronald C. Machen, Jr., Esquire, U.S., Claire M. Whitaker, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: HENDERSON and GRIFFITH, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record and on the briefs of counsel. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. RULE 34(j). This court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. RULE 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Appellant Valerie Kline is a white woman who sued her employer, the Office of Personnel Management (OPM), alleging race and sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court granted summary judgment for OPM, and we affirm.

In order to present a viable claim for employment discrimination under Title VII, a plaintiff must show that she suffered an "adverse employment action." *Ginger v. Dist. of Columbia,* 527 F.3d 1340, 1343 (D.C.Cir.2008). An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Taylor v. Small,* 350 F.3d 1286, 1293 (D.C.Cir.2003) (quoting *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)) (internal quotation marks omitted).

■ Applying this standard, we conclude that most of the injuries Kline alleges are not actionable under Title VII. Kline asserts loss of administrative access to a database she was not authorized to use, denial of secretarial help on a day when she was busy, refusal of her request for a private office when more senior employees worked in cubicles, an email from her boss criticizing her work, and denial of her request to reschedule her lunch break on a particular day. Such petty slights are not a reason for this court to "engage in 'judicial micromanagement of business practices' by second-guessing employers' decisions." *Baloch v. Kempthorne,* 550 F.3d 1191, 1197 (D.C.Cir.2008) (quoting *Mungin v. Katten Muchin & Zavis,* 116 F.3d 1549, 1556 (D.C.Cir.1997)).

■ Kline does allege two injuries that could constitute adverse employment actions: OPM's denial of her request to telecommute and OPM's evaluation of her job performance as "fully successful"—a mediocre rating. However, we agree with the

district court that no reasonable jury could conclude that either injury resulted from illicit discrimination. *See* FED.R.CIV.P. 56(c) (summary judgment appropriate where "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law"). OPM says that it denied Kline's request to telecommute because her job responsibilities made such an arrangement unworkable, and Kline offers no evidence that comparable non-white or male employees enjoyed this privilege. *See Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1514 (D.C.Cir.1995) (holding that a coworker is a proper Title VII comparator only if "all of the relevant aspects of [the plaintiff's] employment situation were 'nearly identical' to those of the [coworker]" (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994))).

■ Kline's assertion that her performance evaluation was the result of discrimination also lacks evidentiary support. The record documents Kline's habitual failure to answer the telephone, failure to respond to emails, introduction of typos into another employee's work, failure to follow directions, and hostile interactions with coworkers. In the absence of specific evidence of direct discrimination, no reasonable fact-finder would conclude that OPM engaged in race or sex discrimination by giving Kline a mediocre performance evaluation.

Nor is there enough evidence in the record to support Kline's retaliation claim under 42 U.S.C. § 2000e–3(a). OPM proffered legitimate reasons for all of its allegedly retaliatory actions, and Kline's only evidence that OPM retaliated against her is that it took these actions shortly after she engaged in protected EEO activities. Once an employer proffers a legitimate reason for an allegedly retaliatory action,

"positive evidence beyond mere [temporal] proximity is required to defeat the presumption that the proffered explanations are genuine." *Woodruff v. Peters*, 482 F.3d 521, 530 (D.C.Cir.2007).

Finally, the district court did not abuse its discretion in refusing Kline's late request for additional duplicative depositions. *See* FED. R. CIV. P. 56(f) (providing that a court may deny a motion for summary judgment or order a continuance to permit further discovery "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition"); *see also* 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2741 (3d ed. 1998) ("The courts will not delay a case to allow discovery when the discovery sought could have been instituted earlier, especially when there is no reason to believe that it will lead to a denial of the motion."). We find nothing improper in the district court's decision to stay discovery after Kline failed to " 'state[ ] concretely' why additional discovery [was] needed." *Messina v. Krakower*, 439 F.3d 755, 762 (D.C.Cir.2006) (quoting *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C.Cir.1989)).

The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc. See* FED R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).