# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-5058**                        **September Term, 2023**

FILED ON: APRIL 23, 2024

LEAGUE OF WOMEN VOTERS OF THE UNITED STATES, ET AL.,
                    APPELLEES

v.

STEVEN FRID, IN HIS CAPACITY AS THE EXECUTIVE DIRECTOR OF THE UNITED STATES ELECTION
ASSISTANCE COMMISSION, ET AL.,
                    APPELLEES

EAGLE FORUM EDUCATION & LEGAL DEFENSE FUND,
                    INTERVENOR-APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cv-00236)

---

Before: SRINIVASAN, *Chief Judge*, CHILDS, *Circuit Judge*, and RANDOLPH, *Senior Circuit Judge*.

## **J U D G M E N T**

We considered this appeal on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby:

**ORDERED AND ADJUDGED** that the district court's judgment be **AFFIRMED**.

\* \* \*

In an earlier appeal, our Court ordered the district court to permit Eagle Forum to intervene in this proceeding for the limited purpose of seeking to unseal certain records. *League of Women Voters of the U.S. v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020). Before us is Eagle Forum's appeal from three district court orders on remand: an order denying Eagle Forum's motion to examine the sealed materials for the purpose of preparing its motion to unseal; an order denying its motion to unseal references to the deposition of Election Assistance Commissioner Christy A. McCormick; and an order denying reconsideration.

1

Eagle Forum initially moved to intervene for the limited purpose of seeking unsealing of the sealed materials, but the district court denied the motion in large part because the materials were not judicial records to which any right of access applied. Minute Order, *League of Women Voters of the U.S. v. Newby*, No. 16-cv-236 (D.D.C. Mar. 28, 2019). This Court reversed and remanded, holding that the sealed materials were judicial records and concluding that Eagle Forum could intervene for the limited purpose of seeking the materials. *League of Women Voters*, 963 F.3d at 136. We noted that our decision did not guarantee that the materials would be unsealed because the district court would still "need to determine whether countervailing interests, including the government's privilege claims, justify continued sealing." *Id.*

On remand, the district court denied Eagle Forum's "request to access the sealed materials in order to prepare further briefing on its . . . motion to unseal the record." Minute Order (May 6, 2022). The district court then denied Eagle Forum's motion to unseal the documents, in large part because "the parties disclaimed the Court's need to rely on [the sealed materials] to resolve the case" and the court itself "did not rely" on the sealed materials in "resolving this matter on the merits." The court concluded that the government's interest in protecting potentially privileged materials outweighed any limited interest the public may have in accessing the materials. The district court subsequently denied Eagle Forum's motion to reconsider. Eagle Forum appealed.

This Court reviews the denial of a motion to seal or unseal for abuse of discretion. *See In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 297 (D.C. Cir. 2022); *Cable News Network, Inc. v. FBI*, 984 F.3d 114, 117 (D.C. Cir. 2021); *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1131 (D.C. Cir. 2020); *Ameziane v. Obama*, 699 F.3d 488, 494 (D.C. Cir. 2012). This Court similarly reviews denials of motions for reconsideration for abuse of discretion. *See, e.g.*, *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006). The district court did not abuse its discretion in denying Eagle Forum's motion to unseal the records at issue and its reconsideration motion. Nor did the district court abuse its discretion in declining to give Eagle Forum access to the sealed records for purposes of litigating its motion to unseal.

Eagle Forum argues before our Court that the district court's order declining to unseal the materials violated the First Amendment. But Eagle Forum did not properly raise its First Amendment argument at any point before this appeal, and thus the argument is not properly before this Court.[1] *See, e.g.*, *Durant v. D.C. Gov't*, 875 F.3d 685, 695 (D.C. Cir. 2017).

We therefore turn to Eagle Forum's other claim concerning a common law right of access. This Court has recognized a common law right of access to judicial records in civil litigation, including sealed records. *See League of Women Voters*, 963 F.3d at 135–36. Although there is a strong presumption of public access to judicial records, "that presumption may be outweighed in certain cases by competing interests." *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017).

---

[1] Eagle Forum concedes that it first raised a First Amendment argument in its motion requesting the district court to reconsider its judgment. However, a motion to reconsider may "not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment." *GSS Grp. Ltd. v. Nat'l Port. Auth.*, 680 F.3d 805, 812 (D.C. Cir. 2012) (quotation marks omitted).

*United States v. Hubbard*, 650 F. 2d 293, 317–22 (D.C. Cir. 1980), described six factors to be considered in evaluating a motion to unseal. The test is summarized in *MetLife v. Financial Stability Oversight Council*:

> [W]hen a court is presented with a motion to seal or unseal, it should weigh (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

865 F.3d at 665 (internal citations and quotation marks omitted). As this Court has noted, "the *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the various public and private interests at stake." *Id.* at 666.

The district court acted well within its discretion in concluding, after balancing the *Hubbard* factors, that unsealing was not warranted. Eagle Forum makes several allegations about government fraud in the Tenth Circuit litigation in *Kobach v. U.S. Election Assistance Commission*, 772 F.3d 1183 (10th Cir. 2014), but as the district court noted, Eagle Forum's arguments about *Kobach* are "speculative claims of fraud irrelevant to the Court's resolution of the merits of this case." Even if those claims could matter here, Eagle Forum has not shown the "clear evidence" of bad faith needed to overcome the presumption of regularity and justify an inquiry into the decisionmaking processes of government officials. *Colindres v. U.S. Dep't of State*, 71 F.4th 1018, 1025 (D.C. Cir. 2023) (internal quotation marks omitted); *see also United States v. Morgan*, 313 U.S. 409, 422 (1941).

The sixth *Hubbard* factor is "the 'most important' element cutting against disclosure" here, *Cable News Network*, 984 F.3d at 120, since the records at issue were not relevant to the resolution of the litigation: the district court stated that it "did not rely on" the sealed materials in "resolving this matter on the merits." For similar reasons, although the first *Hubbard* factor weighs in favor of disclosure, it only "moderately" does so, as the district court determined. Interested members of the public can readily understand the proceedings in this lawsuit without reviewing the sealed records, which played no role in the district court's judgment.

The rest of the *Hubbard* factors are either neutral or against unsealing for the reasons given by the district court. Because the public has not had access to these documents, the second factor does not weigh in favor of unsealing. The third through fifth factors all weigh in favor of nondisclosure. The sought-after materials—deposition testimony and exhibits reflecting communications between the Department of Justice litigation counsel and an agency it is charged with representing in court, including internal Commission memoranda—potentially implicate the attorney-client, work-product, and deliberative process privileges. The government objected to disclosure and asserted strong privacy interests. Moreover, there is a high possibility of prejudice to the government: revelation of its internal communications could chill discussions among government officials and between officials and their counsel.

3

Eagle Forum also argues that the district court erred by declining to give it access to the sealed materials in order to enable it to prepare its motion to unseal. The district court acted well within its discretion in denying Eagle Forum's request. As we have stressed, and as the district court determined, these documents contain several types of potentially privileged materials that the district court needed to carefully consider before unsealing. Contrary to Eagle Forum's assertions, the district court did not violate any mandate of this Court. This Court directed the district court to allow Eagle Forum to "intervene for the limited purpose of seeking to unseal references to the McCormick deposition" while "emphasiz[ing] that this does not mean that those materials must be unsealed," and without guaranteeing that Eagle Forum would have access to the materials while preparing its unsealing motion. *League of Women Voters*, 963 F.3d at 136.

\* \* \*

For the foregoing reasons, we affirm the judgment of the district court. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk

4