# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 24-7005

September Term, 2024

FILED ON: APRIL 8, 2025

ERIC J. FLANNERY AND DRANE FLANNERY RESTAURANT, LLC, TRADING AS BIG BOARD,
APPELLANTS

v.

DISTRICT OF COLUMBIA DEPARTMENT OF HEALTH AND AYANNA BENNET, DIRECTOR, IN HER
OFFICIAL CAPACITY,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-03108)

Before: PILLARD, WILKINS, and RAO, *Circuit Judges*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d); FED R. APP. P. 36. It is

**ORDERED** and **ADJUDGED** that the judgment of the United States District Court for the District of Columbia be **AFFIRMED**.

## I.

Appellant Eric Flannery owns and operates The Big Board restaurant in Washington, D.C., together with Appellant Drane Flannery Restaurant, LLC (collectively, "The Big Board"). Beginning in 2020, the D.C. Mayor issued several emergency executive orders in response to the COVID-19 pandemic. In February 2022, the D.C. Department of Health ("D.C. Health") shuttered and fined The Big Board for noncompliance with some of those orders.

1

The Big Board sued in federal court, raising two claims that could support federal subject matter jurisdiction—a claim under 42 U.S.C. § 1983 for violation of the D.C. Home Rule Act ("Count I") and a claim under the Fifth Amendment for a violation of procedural due process rights ("Count II").[1] The Big Board also alleged that D.C. Health violated the D.C. Administrative Procedure Act. The District Court dismissed the case, and this appeal of all but Count II timely followed. The Big Board's appeal accordingly turns on the validity of the District Court's dismissal of the only remaining federal claim: Count I. The Big Board's arguments challenging the District Court's dismissal of Count I are forfeited because they were not raised below or in the opening brief. We thus affirm the District Court.

## II.

"[A]rguments not presented to the district court cannot be considered for the first time on appeal," *Schubarth v. Federal Republic of Germany*, 891 F.3d 392, 401 n.7 (D.C. Cir. 2018) (cleaned up), and this Court "generally will not entertain arguments omitted from an appellant's opening brief and raised initially in his reply brief," *McBride v. Merrell Dow & Pharmaceuticals, Inc.*, 800 F.2d 1208, 1210 (D.C. Cir. 1986) (citations omitted).

## A.

The District Court dismissed Count I on subject matter jurisdiction grounds because it found no private cause of action in the D.C. Home Rule Act to support relief under 42 U.S.C. § 1983. Rather than challenge the legal basis for dismissal, The Big Board asserts in its opening brief that the District Court misconstrued Count I, which it now argues relied on D.C. Health's alleged violations of The Big Board's *substantive* due process rights all along.[2] Count I generally asserts that D.C. Health's imposition of fines and fees violated "the Fifth Amendment's Due Process Clause." J.A. 21. But it is "inaccurate and unfair to the district court," *Huron v. Cobert*, 809 F.3d 1274, 1280 (D.C. Cir. 2016), to construe The Big Board's pleaded right to relief as resting on anything other than the D.C. Home Rule Act. *See* J.A. 20 ("Section 1983 Claim for D.C. Home Rule Act Violation."); *see also id.* ("Violations of the D.C. Home Rule Act are cognizable under Section 1983.").

Making matters worse, The Big Board again recast Count I in its reply brief. Rather than engage with D.C. Health's attacks against its substantive due process theory, The Big Board uses its reply brief to reinvent Count I as only ever resting on *procedural* due process. Such gamesmanship offends the fairness interests the forfeiture rules are meant to protect, and we will not entertain it. *Wilkins v. United States*, 598 U.S. 152, 157 (2023) ("For purposes of efficiency and fairness, our legal system is replete with rules like forfeiture, which require parties to raise

---

[1] The Big Board also raises a procedural claim under the federal Declaratory Judgment Act. Because the Declaratory Judgement Act does not "provide a cause of action" or provide "an independent source of federal jurisdiction," *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (cleaned up); *Miriyeva v. USCIS*, 9 F.4th 935, 945 (D.C. Cir. 2021) (same), it cannot provide the mechanism for this Court's jurisdiction.

[2] Though the opening brief is not a model of clarity and makes several references to "due process" without specificity, the arguments and caselaw therein all concern *substantive* due process. *See* Appellants' Br. 22–25.

2

arguments . . . at certain times." (cleaned up)). The Big Board's last remaining theory—that Count I rests on procedural due process violations—is "doubly forfeit" for failure to present it to the District Court or develop it in its opening brief. *Bryant v. Gates*, 532 F.3d 888, 898 (D.C. Cir. 2008); *cf. Durant v. D.C. Gov't*, 875 F.3d 685, 695 (D.C. Cir. 2017) ("Considering an argument advanced for the first time in a reply brief is not only unfair, but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered." (cleaned up)). We therefore affirm the District Court's dismissal of Count I.

**B.**

This Court reviews for abuse of discretion a District Court's decision not to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over a state law claim. *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1266 (D.C. Cir. 1995). Declining jurisdiction after all federal causes of action are dismissed is consistent with Section 1367 and well within a District Court's discretion. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988); *Anderson v. Holder*, 647 F.3d 1165, 1174 (D.C. Cir. 2011). Because we affirm the District Court's dismissal of Count I, we also affirm dismissal of the D.C. Administrative Procedure Act claim.[3]

\*　　\*　　\*

For the foregoing reasons, the District Court's dismissal is **AFFIRMED**. This disposition is unpublished. *See* D.C. CIR. R. 36(d). The Clerk is directed to withhold issuance of the mandate until seven days after the resolution of a timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:　　/s/
　　　　Michael C. McGrail
　　　　Deputy Clerk

---

[3] As the parties recognize, our affirmance of the dismissal of the substantive federal claims requires us to likewise affirm the District Court's dismissal of The Big Board's request for declaratory relief, which "is simply a request for a certain remedy." *Miriyeva*, 9 F.4th at 945; *see supra* note 1.

3